**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

TONYA DYER,                                    )
                                               )
                    Plaintiff,                 )
                                               )
vs.                                            )        Case No. CIV-09-207-M
                                               )
THE BOARD OF COUNTY                            )
COMMISSIONERS FOR OKLAHOMA                     )
COUNTY, a polical subdivision, et al.,         )
                                               )
                    Defendants.                )

## ORDER

Before the Court is "Defendant's, Board of County Commissioners for Oklahoma County,
John Whetsel, Individually[1] and Officially, and Officer Floyd, Individually, Motion for Summary
Judgment," [docket no. 23], filed August 3, 2009.  On August 21, 2009, plaintiff filed her response.
No reply was filed.  Based upon the parties' submissions, the Court makes its determination.

I.      INTRODUCTION

        Plaintiff alleges her civil rights as premised upon the Fourteenth Amendment to the United
States Constitution were violated while incarcerated at the Oklahoma County Detention Center
("Detention Center").  Plaintiff claims to have suffered a beating at the hands of defendant Officer
Floyd ("Floyd") during her period of incarceration.  Plaintiff commenced this §1983 action asserting
deliberate indifference in failing to provide reasonably safe living conditions.  Defendants now move
for summary judgment as to plaintiff's claims.

II.     SUMMARY JUDGMENT STANDARD

        "Summary judgment is appropriate if the record shows that there is no genuine issue as to any

---

[1] The Court would note that the claims against defendant John Whetsel in his individual
capacity have been dismissed with prejudice based on a joint stipulation by the parties.

material fact and that the moving party is entitled to judgment as a matter of law.  The moving party

is entitled to summary judgment where the record taken as a whole could not lead a rational trier of

fact to find for the non-moving party.  When applying this standard, [the Court] examines the record

and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19

Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998)

(internal citations and quotations omitted).

 "Only disputes over facts that might affect the outcome of the suit under the governing law

will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden

of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather,

the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission

to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v.

Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.     DISCUSSION

 A.     Defendant Board of County Commissioners for Oklahoma County

 Plaintiff asserts claims based on defendant Board of County Commissioners for Oklahoma

County's ("Board") deliberate indifference in failing to provide reasonably safe conditions in

violation of her due process rights under the Fourteenth Amendment.  "The Constitution does not

mandate comfortable prisons, but neither does it permit inhumane ones, and it is now settled that the

treatment a prisoner receives in prison and the conditions under which he is confined are subject to

scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal

citations and quotations omitted).  While neither prison officials nor municipalities can absolutely

guarantee the safety of their prisoners, they are responsible for taking reasonable measures to insure

2

the safety of inmates.  *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

As plaintiff was a pretrial detainee rather than a convicted prisoner at the time of the alleged assault, her rights are protected under the Due Process Clause.  *Id*.  However, a two-part analysis identical to that of the Eighth Amendment is applied to determine whether plaintiff's rights were violated.  *Id*.  "First, the deprivation alleged must be, objectively, sufficiently serious....  For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  *Farmer*, 511 U.S. at 834.  Second, the inmate must demonstrate there was a "sufficiently culpable state of mind"; meaning the officials must exhibit "deliberate indifference to inmate health or safety."  *Id*.

To hold the Board liable under § 1983, plaintiff must demonstrate that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," such that official policy is responsible for a deprivation of constitutional rights.  *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978).  It is also clear that local government entities can be sued "for constitutional deprivations visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels."  *Id* at 691.

Here, the Board asserts that plaintiff fails to identify a nexus between her alleged assault and the Board.  Because no legal or factual basis for imposing § 1983 liability on the Board is identified, the Board contends it is not liable and is entitled to summary judgment. Having reviewed the parties' submissions, however, the Court disagrees.  The Court finds that plaintiff submitted a report authored by the United States Department of Justice which outlines a lengthy investigation of the conditions at the Detention Center.  Specifically, the report concludes that the conditions at the Detention Center

"violate the constitutional rights of detainees confined here."  Response, Exhibit J at 2.  It was

determined that the Detention Center failed to provide detainees: "(1) reasonable protection from

harm; ...(3) adequate housing, sanitation and environmental protections...." *Id*.  The report also states

that due, at least in part, to the overcrowding and inadequate staffing "the [Detention Center] staff

frequently resort to the use of force to control events," such that the facility experienced an

inordinately high number of use of force incidents for a facility the size of the jail." *Id*. at 8.  The

Court finds that the report coupled with evidence that plaintiff was subjected to an unprovoked use

of force by a prison guard sufficient to survive summary judgment.

Furthermore, the report characterized the process utilized by Detention Center officials to

investigate serious events "inadequate." *Id*. at 12.  The reports "prepared by the [Detention Center's]

Investigations Unit lack the detail that would identify the operational problems associated with

serious events such as a detainee death or a use of force incident."  *Id*.   Because "plaintiff has

present[ed] evidence showing that a substantial risk of inmate attacks was longstanding, pervasive,

well-documented, or expressly noted by prison officials in the past, and the circumstances suggest

that the [Board] being sued had been exposed to information concerning the risk and thus must have

known about it," the Court finds that such evidence is sufficient to submit this case to the triers of

fact. *Farmer*, 511 U.S. at 842-43.

Accordingly, the Court denies the motion for summary judgment as to the Board.

B.    Defendant John Whetsel

Plaintiff next asserts that defendant Oklahoma County Sheriff John Whetsel ("Sheriff

Whetsel") may face liability in his official capacity on the grounds that he was made directly aware

of conditions within the Detention Center that were violative of the United States Constitution.

4

Defendants assert, however, that plaintiff has failed to link any alleged constitutional violation by Sheriff Whetsel to Oklahoma County.  According to defendants, plaintiff does not allege that Sheriff Whetsel was directly involved in the events of her alleged assault.  Yet defendant contends plaintiff claims that Sheriff Whetsel failed to properly train and supervise defendant Officer Floyd ("Floyd"), thereby subjecting her to a pervasive risk of harm and actual harm without the appropriate nexus.

"An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  It is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal citations omitted)(emphasis in original). To establish the liability of an official acting in his official capacity, the plaintiff must show that a policy or custom caused the alleged violation.  *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006).  "Absent a showing of an 'affirmative link' between the constitutional violation and the supervisor's own actions, or failure to supervise, a supervisor is not liable under section 1983." *Mee v. Ortega*, 967 F.2d 423, 431 (10th Cir. 1992).

Having reviewed the parties' submissions, the Court finds that plaintiff has presented sufficient evidence that Sheriff Whetsel had direct and actual knowledge of a substantial risk of inmate attacks as documented above in the Department of Justice Report concerning the Detention Center.  As plaintiff has demonstrated an "affirmative link" between the constitutional violation and Sheriff Whetsel's (in)actions, the Court finds that sufficient evidence exists to survive summary judgment.

Accordingly, the Court denies the motion for summary judgment as to Sheriff Whetsel in his official capacity.

C.    Defendant Floyd

    1.    Individual Liability

Plaintiff asserts a claim against defendant Floyd in his individual capacity.  Specifically, plaintiff alleges that defendant Floyd violated her constitutional rights by assaulting her and causing her to suffer serious injuries.  Defendants contends that plaintiff's official capacity claim against defendant Floyd fails because: (1) defendant Floyd does not have final policymaking authority within the Detention Center; (2) defendant Floyd is not vested with such authority as a matter of law; and (3) no custom or written policy of Oklahoma County was the moving force behind the alleged constitutional violation.  In response, plaintiff contends that defendant's argument that defendant Floyd apparently lacks standing because she is not a policymaker or vested with that authority and therefore not subject to suit, is without merit and contrary to judicial opinion.  Specifically, plaintiff asserts that a prison guard's unauthorized beating of an inmate can violate the Constitution.

    The Tenth Circuit has "previously noted that, while an assault by a jailer on his prisoner can give rise to an action under section 1983, a jailer's use of force against a prisoner is not always a constitutional violation" as long as the jailer does not overreach.  *El'Amin v. Pearce*, 750 F.2d 829, 831 (10th Cir. 1984).  In applying the test to determine whether a jailer overreached, "a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."  *Id*. at 832.

    Having reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff, the Court finds that plaintiff has set forth evidence sufficient to create a genuine

issue of material fact as to whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.  Specifically, plaintiff has submitted evidence that defendant Floyd struck her with a closed fist at least two times when it appears she was not exhibiting any aggressive behavior.  The Court finds that plaintiff has further submitted evidence that defendant Floyd then grabbed plaintiff by the collar of her shirt and her hair and proceeded to lift her from the steps.  It also appears that the alleged assault between plaintiff and defendant Floyd resulted in instant swelling of plaintiff's eye and that the injury sustained by plaintiff was described by medical personnel as a baseball sized abscess.

Furthermore, the Court, having previously discussed the alleged customs of the Detention Center which were well-documented in the United States Department of Justice Report, finds that plaintiff has submitted sufficient evidence establishing that a custom of Oklahoma County was the moving force behind the alleged constitutional violation.

Accordingly, the Court finds that the motion for summary judgment as to defendant Floyd in his individual capacity should be denied.

2.    Qualified Immunity

Lastly, defendants assert that defendant Floyd, as an officer being sued in his individual capacity, is entitled to qualified immunity.  Under the doctrine of qualified immunity, a government official performing discretionary functions is shielded from liability for civil damages.  *Mitchell v. Forsyth*, 472 U.S. 511, 522-24 (1985).  "Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation."  *Verdecia v. Adams*, 327 F.3d 1171, 1174 (10th Cir. 2003) (internal citation omitted).  Defendants sued in their individual capacities, in an action under §1983, "are entitled to qualified immunity unless it is demonstrated their conduct violated clearly established

7

constitutional rights of which a reasonable person in their positions would have known." *Murell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1251 (10th Cir. 1999). Qualified immunity is, therefore, an affirmative defense that provides immunity to suit in a §1983 action. *Adkins v. Rodriguez*, 59 F.3d 1034, 1036 (10th Cir. 1995). When the defense is raised in a motion for summary judgment, the plaintiff bears the burden to show the defendant's actions violated a constitutional right, and the allegedly violated right was clearly established at the time of the conduct at issue. *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996).

In this case, the Court finds plaintiff has met her burden in establishing that defendant Floyd is not entitled to qualified immunity. Taking the facts in the light most favorable to the party asserting an injury, the Court finds that plaintiff has submitted sufficient evidence of a violation of her constitutional rights based on her encounter with defendant Floyd as described above and that her allegedly violated rights were clearly established at the time of the encounter. As previously discussed, prison officials are not immune from suit for the wanton and unnecessary infliction of pain, *Estelle v. Gamble*, 429 U.S. 97, 103 (1976), and the Court finds that the contours of this right is sufficiently clear that a reasonable person would understand that defendant Floyd's alleged actions violates that right. Critical to the Court's determination is that plaintiff has submitted evidence that demonstrates that defendant Floyd approached plaintiff while plaintiff was seated, thus reducing the threat posed to the prison official and that based on this evidence, a reasonable prison official would have found the need for force, amount of force applied during the alleged attack, and the extent of injury inflicted unlawful in the situation he or she confronted.

Accordingly, the Court denies the motion for summary judgment as to defendant Floyd on the basis of qualified immunity.

8

IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Court DENIES the motion for summary judgment in its

entirety.

**IT IS SO ORDERED this 1st day of October, 2009.**


VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE